

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*

*555 Fourth St. N.W.*
*Washington, D.C.  20001*

May 24, 2006

**By U.S. Mail**
Danielle Jahn
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20004
202-208-7500
dani_jahn@fd.org

                    Re:       United States v. Liberto De Lo Santo
                                  Criminal Case No. 06-115 (D.D.C)

Dear Counsel:

      I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure as well as a plea offer.

**I.**      **Charges and Plea Offer**

      Your client is currently charged with the following offenses: False Statement in Application for Passport, in violation of 18 U.S.C. § 1542, Misuse of Other Documents, in violation of 18 U.S.C. § 1546(a), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

      If your client agrees to plead guilty to False Statement in Application for Passport and Misuse of Other Documents, and to not oppose deportation, the government will agree to:

1. dismiss the remaining or greater charges(s) at the time of sentencing;
2. both parties mutually reserve the right to allocate as to whether your client should be incarcerated pending sentencing;
3. waive any applicable enhancement papers that might apply;
4. agree to recommend to the court a three level downward adjustment for acceptance of responsibility; and
5. reserve its right to allocate at the time of sentencing

      This plea offer must be accepted and the guilty plea entered by your client on or before **June**

**2, 2006**.  The government reserves the right to withdraw this plea offer at any time prior it being entered by the court.  **Please be advised that subsequent plea offers will be less favorable to your client.**

II. **Discovery**

    A. **Documents**

    Copies of the following documents are enclosed with this letter:

- Indictment (2 pages)
- Criminal History Report (3 pages)
- DS-11 Passport Application completed Oct. 27, 2005 (2 pages)
- Passport Application completed May 30, 1996 (1 page)
- Documentation Concerning 1996 passport application (11 pages)
- Report from Agent Ryan
- Property Evidence Report from search of defendant's residence (1 page)
- Defendant's Arrest Record from New York from January 5, 1989 (1 page)
- DMV photo for defendant, record and ID card application (3 pages)
- Arrest photo from Feb. 22, 2002 (2 pages)
- Report to New Haven, Connecticut Police of stolen identity (2 pages)
- Victim's Social Security Card (1 page)
- Victim's license and photo id card (1 page)
- Victim's DMV record from Connecticut (1 page)
- Victim's license and certificate of marriage (1 page)

    B. **Evidence**

        1. **Physical Evidence**

    At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below.  This evidence includes:

- Passport Applications
- Birth Certificates
- Social Security Cards
- Photographs from the search warrant
- Photographs of your client
- Photographs of victim
- Fingerprint Cards obtained at time of arrrest
- Diagrams or maps of the location where the incident occurred

        2. **Radio Run Information**

The government believes there are no recorded communications relevant to this case.

### 3. Identification Evidence

The government is not aware of any identification procedure used in this case.

### 4. Inspection

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

### 5. Reports of Examinations or Tests and Experts

In addition, please be advised that the government may call a fingerprint expert to testify at trial. The expert may testify about the following subjects: how fingerprints are obtained from arrested individuals at time of arrest for record keeping purposes; the comparison of prints; and the identification of prints if there are sufficient "points" to render a print usable. Due to the volume of cases being presented in Superior Court, it is unclear which witness will be available to testify if needed. The government may call George L. Anderson, III, as an expert. His qualifications include: 33 years as a fingerprint examiner (25 years at the FBI and 8 years at the MPD); a degree in criminology from American University; one year of FBI fingerprint school; FBI fingerprint seminars; and hundreds of thousands of fingerprint analyses. The government might also call Willie Higganbotham, Mary Jones, Charles Sanders, or another fingerprint specialist as its expert. The government believes these individuals have qualifications similar to those of Mr. Anderson.

The government will likely call a witness from the police agency in New York made the initial arrest of the defendant in the United States in 1989. The witness will testify regarding the agency's practice of taking fingerprints from all arrested individuals and maintaining fingerprints, including placing them national computer databases. The government will also likely call an FBI agent to testify about the Federal Bureau of Investigation's practice of maintaining an FBI identification number that is unique to each individual arrested and that the identity of each arrestee is maintained in a computer database and recorded according to the individual's unique fingerprints. The government anticipates that a comparison expert will testify that the known prints obtained from the defendant's arrest giving rise to this case match the prints obtained in connection with Liberto De Lo Santo's initial arrest and FBI identification number.

    **C.    RULE 404(b) EVIDENCE (known at this time)**

The government may seek to admit evidence pursuant to FRE 404(b). In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

    **D.    Defendant's Rule 16 Statements**

The defendant was arrested on May 9, 2006. He was transported to MPD District 1 (1D) for processing and told of the charges against him. At 1D he was advised of his Miranda rights in English and Spanish. The defendant waived his rights and agreed to be interviewed. The defendant was asked whether he had applied for a passport and he stated that he had a few months ago. He stated his name is William Burgos and that his date of birth was ▮▮▮▮▮▮▮▮▮▮. He stated his social security number is ▮▮▮▮▮▮▮. The defendant claimed throughout the interview that he was from Puerto Rico. He claimed he was from Naguabo, Puerto Rico. He was asked to name another town in Puerto Rico. He said San Juan, but could not name any other towns in Puerto Rico. When asked how long he had lived in the United States, the defendant said he moved to New York in 1979 or 1980. When asked whom he lived with when he moved to New York, he stated his aunt, Gloria Burgos, but that he did not have contact information for her.

The interview lasted approximately 20 minutes. He was then returned to the holding cell. After the police paperwork was completed at 1D, the defendant was transported to MPD Central Cellblock. The defendant did not invoke his right to an attorney during the interview or while being transported.

If the government becomes aware of any additional statements made by your client you will be notified in writing.

    **E.    Criminal Record**

Please refer to the Criminal History Report attached hereto for information about your client's record. I will notify you in writing if the government learns of any additional convictions.

    **F.    Government's Discovery Requests**

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a <u>Jencks</u> request for all prior statements of any defense witness (excluding the defendant);

- a <u>Lewis</u> request (for which we request the name, date of birth, sex, and social security

4

number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G. Other Information (Brady / Lewis / Giglio)

The government is unaware of any Brady or Giglio information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

### III. Contact Information

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

Perham Gorji
Office of the United States Attorney
Federal Major Crimes Section
Room 4233
555 Fourth Street, N.W.
Washington, D.C. 20530

Office:     202-353-8822
Fax:        202-616-3782
E-mail:     perham.gorji@usdoj.gov

If you file any pleading in this case, please note that our zip code has changed recently to 20530. Also, please fax any pleadings or correspondence so that we may be assured receipt of the document.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney


By:
PERHAM GORJI
Assistant United States Attorney

5

cc: District Court Case File (without attachments)