UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-115 (RWR) |
| | : | |
| LIBERTO DE LO SANTO | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing. In support thereof, the United States respectfully states the following:

Background

1.  On October 27, 2005, at the United States Post Office, Ben Franklin Station, in Washington, D.C., the defendant, Liberto De Lo Santo, executed an Application for U.S. Passport, form DS-11 (the "October 27th Passport Application"), under the name William Burgos. The defendant swore that the statements made on his application were true and correct before Claudius Barnes, an employee of the U.S. government and a person authorized by the U.S. Department of State to accept passport applications. In submitting the October 27th Passport Application to Mr. Barnes, the defendant presented the true William Burgos' official birth certificate, having a raised seal, and the social security card that formerly belonged to the true William Burgos, bearing social security number ██████. The defendant knew that neither the birth certificate nor the social

-1-

security card lawfully belonged to the defendant.

    2.    On the October 27th Passport Application, the defendant swore that his name was William Burgos, born a United States citizen on ████████████, in Naguabo, Puerto Rico, with social security number ████████. Unlike the true William Burgos, the defendant is not a citizen of the United States. The true William Burgos, born on December 22, 1965 in Naguabo, Puerto Rico, resides in New Haven, Connecticut, and was previously assigned the social security number ████████ William Burgos was not in Washington, D.C., on the day the defendant completed the October 27th Passport Application. At the time the defendant applied for the October 27th Passport Application, the defendant made use of Mr. Burgos's former social security card and presented Mr. Burgos' birth certificate for the purpose of obtaining a United States passport. At the time the defendant completed the October 27th Passport Application, he knew that William Burgos' birth certificate and former social security card did not truly belong to the defendant, and that the defendant was neither born in Puerto Rico, nor a U.S. citizen.

    3.    In addition, on the October 27th Passport Application, the defendant swore he had never previously applied for a U.S. passport, when in fact he previously applied for a U.S. passport under the same name, William Burgos, in New York, New York, on May 30, 1996.

    4.    On May 2, 2006, the defendant was indicted on the following three counts: making a false statement in an application for passport, in violation of Title 18, United States Code, Section 1542; misuse of other documents, in violation of Title 18, United States Code, Section 1546(a); and aggravated identity theft, in violation of Title 18 U.S.C., Section 1028A(a)(1). He was arrested on May 9, 2006. The United States Department of Homeland Security, Bureau of Immigration &

Customs Enforcement lodged of notice of detainer against the defendant to further investigate whether he is subject to removal from the United States.

### Sentencing Recommendation

5. To his credit the defendant took responsibility for his conduct and expressed an interest in accepting the government's plea offer at an early stage in this case. The defendant pled guilty on June 26, 2006, to one count of making a false statement in an application for passport, in violation of Title 18, United States Code, Section 1542, and one count of misuse of other documents, in violation of Title 18, United States Code, Section 1546(a), and agreed not to oppose any deportation proceedings against him. The government agreed, pursuant to the plea agreement to dismiss the remaining count in the indictment (i.e., Count Three).

6. Based on the information set forth in the Presentence Investigation Report, the defendant's total offense level is 6, having pled guilty and accepted responsibility for false statement in an application for passport and misuse of other documents. U.S.S.G. §§ 2L2.2(a), 3D1.2(a) and 3E1.1(a). Based on a total offense level of 6 and a criminal history category of V (i.e., 11 points), the guideline range of imprisonment is 9 to 15 months. U.S.S.G. Chapter 5, Part A. The government is recommending that the defendant be sentenced to 9 months, without any period of supervised release. In addition, the government requests that the remaining count in the indictment, Count Three, be dismissed pursuant to the terms of the plea agreement.

7. A sentence at the low end of the defendant's Sentencing Guideline range is reasonable. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment

principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

8.   In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guideline range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences. A sentence to 9 months of incarceration, the low end of the defendant's Sentencing Guideline range,

satisfies this goal.

9. A sentencing at the low end of the Sentencing Guideline range is not only presumptively reasonable for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal history and willingness to accept responsibility at an early stage in the case. This case did not involve a violent offense, and the charges to which the defendant pled guilty did not result in harm to any victim. Moreover, the defendant's criminal history does not include any crimes of violence.

10. For the same reasons mentioned above, the recommended sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the needs of the rehabilitative needs of the defendant. Id. The consideration of these factors supports the government's recommendation for 9 months of incarceration.

WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 9 months of incarceration.

Respectfully,

KENNETH L. WAINSTEIN
United States Attorney


By: _____
PERHAM GORJI
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Fax: (202) 616-3782


CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Danielle Jahn, Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this _____ day of August, 2006.


_____
PERHAM GORJI, AUSA