UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-115 (RWR) |
| : | |
| LIBERTO DE LO SANTOS, : | |
| : | |
| also known as William Burgos : | |
| : | |
| Defendant : | |

## SENTENCING MEMORANDUM

On June 26, 2006, Mr. Liberto DeLoSantos, the defendant, pled guilty to Count One and Count Two of a three-count Indictment which charged him with Count One - False Statement in Application for Passport, in violation of 18 U.S.C. § 1542; Count Two - Misuse of Other Document, in violation of 18 U.S.C. § 1546 (a); and Count Three - Aggravated Identify Theft, in violation of 18 U.S.C. § 1028A(a)(1).  He will appear before this Honorable Court for sentencing on September 5, 2006.  Mr. DeLoSantos, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

### Background

Mr. DeLoSantos was born in the Dominican Republic in 1964, however, he entered the United States sometime in the early 1980's.  In 1987 he married a United States citizen, Charlotta Smith, at the Montgomery County Justice of the Peace in Rockville, Maryland.  Since his entry to the United States, Mr. DeLoSantos has maintained residency in the areas of New York, where his sister resides, as well as the Washington, D.C. metropolitan area.

As noted in the Presentence Report, the offense conduct in this case occurred on October

27, 2005; and a subsequent indictment was filed on May 2, 2006. Mr. DeLoSantos was arrested and arraigned on the indictment on May 9, 2006. He has been in custody at the D.C. Jail and the Correctional Treatment Facility since his arrest on May 9, 2006. On May 17, 2006, the Bureau of Immigration and Customs Enforcement Agency (BICE) issued a detainer against Mr. DeLoSantos related to his "status" in the United States.

### Argument

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 9 to 15 months within Zone C. See PSR, ¶ 58, pg. 12. In accordance with the terms of the plea agreement in this case, Mr. DeLoSantos is requesting that he be given a sentence at the low end of the calculated guideline range - nine months.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Mr. DeLoSanto's request that he be sentenced to at the low end of the applicable guideline range. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the

>background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

>[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence at the low end of the applicable guideline range would be warranted in this matter, and that a sentence of imprisonment beyond the low end of the guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2). In particular, the Court should consider Mr. DeLoSantos' immigration status that will likely result in a fortuitous increase in the severity of his confinement. First, if Mr. DeLoSantos were a U.S. citizen, he would be eligible to serve the last ten percent of his sentence in community confinement, such as a halfway house. Second, if Mr. DeLoSantos were a U.S. citizen, he would be classified as a

"minimum" security level prisoner, meaning that he would be eligible (1) to serve his time in a minimum security facility, (2) to participate in certain extra-facility work programs. Further, at the conclusion of the service of his sentence, due to the BICE detainer, Mr. DeLoSantos will not likely be released but will in all likelihood be incarcerated in an INS detention facility awaiting a deportation hearing. Thus, further incarceration awaits Mr. DeLoSantos after completion of his sentence.

Therefore, sentencing Mr. DeLoSantos to a term of imprisonment for nine months is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. DeLoSanto with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. DeLoSantos respectfully submits that a sentence at the low end of the guidelines - a term of 9 months incarceration - is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500